**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Mark Edward Wetsch,<br><br>Defendant. | Case No. 12-cr-0045 (SRN/JJG)<br><br>**MEMORANDUM OPINION AND ORDER** |

Deidre Y. Aanstad and Kevin S. Ueland, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America.

Mark Edward Wetsch, Sherburne County Jail, 13880 Business Center Drive NW, Elk River, Minnesota 55330, Pro Se.

Jordan S. Kushner, Law Office of Jordan S. Kushner, 431 South Seventh Street, Suite 2446, Minneapolis, Minnesota 55415, Standby Counsel for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter comes before the Court on various motions, declarations, and letters seeking three forms of relief on behalf of Defendant Mark Edward Wetsch, appearing pro se. First, Defendant objects [Doc. No. 161] to Magistrate Judge Jeanne J. Graham's November 30, 2012 Report and Recommendation ("R & R") [Doc. No. 157] and Order [Doc. No. 158] denying his request for dismissal of the indictment and retention of a forensic analyst and granting his request for an extension to file pretrial briefing. Second, Defendant requests reconsideration [Doc. Nos. 260, 262] of the Court's January 25, 2013 Order [Doc. No. 249] denying his request for an ex parte proceeding to determine whether

1

he may be reimbursed for investigative and expert services.  Last, Defendant objects [Doc. No. 209] to the Magistrate Judge's December 14, 2012 Order [Doc. No. 191] denying his request for an extension to file additional pretrial motions.  For the reasons set forth below, the Court overrules Defendant's Objections, denies Defendant's request for reconsideration and adopts the rulings of the Magistrate Judge.

> I.  **Motion for Dismissal of the Indictment, Retention of a Forensic Analyst, and Extension to file Pretrial Briefing**

On November 26, 2012, the Court received a Declaration from Defendant setting forth technical difficulties he encountered while attempting to file memoranda due on November 20, 2012.  (Def.'s Sworn Decl. dated November 26, 2012 [Doc. No. 152].)  In Defendant's Declaration, he moved for dismissal of the indictment with prejudice and requested that the Court or the Government retain a forensic analyst or other professional to recover his legal work and pretrial pleadings previously stored on his personal computer disc or computer hard drive.  (Id.)  The Magistrate Judge issued an R & R on November 30, 2012, denying Defendant's request for dismissal because none of Defendant's arguments warranted dismissal.  (R & R dated November 30, 2012 [Doc. No. 157].)  In a separate Order filed on November 30, 2012, the Magistrate Judge granted Defendant an extension until December 14, 2012 to file his submissions in support of his pretrial motions and denied his request that the Court or the Government hire a forensic analyst to recover his missing materials.  (Order dated November 30, 2012 [Doc. No. 158].)

On December 4, 2012, Defendant filed another Declaration, which the Court construes as an Objection to the Magistrate Judge's November 30, 2012 R & R and Order,

2

requesting that if his work product cannot be recovered, the Court dismiss the indictment with prejudice. (Def.'s Sworn Decl. dated December 4, 2012 [Doc. No. 161].)[1] (Id.) Defendant also requests that the Court or the Government retain a forensic analyst to recover his missing work and provide him an extension to file pretrial briefs. (Id.) For the reasons set forth in her Order and R&R, the Court finds that the Magistrate Judge properly denied Defendant's requests for dismissal and request that the Court or the Government retain a forensic analyst and properly granted his request for an extension to file pretrial briefing. Accordingly, the Court overrules Defendant's objections and adopts and affirms the Magistrate Judge's November 30, 2012 R & R and Order.

## II.     Requests for Reimbursement for Expert and Investigative Services

Defendant has filed two submissions [Doc. Nos. 260, 262] with the Court seeking reconsideration of the Court's January 25, 2013 Order [Doc. No. 249] denying his request for an ex parte proceeding to determine whether he can be reimbursed for investigative and expert services. As explained in detail in the Court's January 25, 2013 Order, the Eighth

---

[1]     The Court reiterates its November 27, 2012 Order which stated:

> [T]he Court emphasizes that the Federal Rules of Criminal Procedure provide for motion practice as the sole means by which a criminal defendant may raise various objections or challenges to the Court. See, e.g., Fed. R. Crim. P. 12. If Defendant wishes to raise arguments or challenges regarding his criminal case, he must do so by filing a motion before the Magistrate Judge, consistent with the Court's scheduling deadlines. If Defendant objects to the Magistrate Judge's rulings, he may file a timely appeal to the undersigned. Any other filings in which Defendant seeks relief, such as letters to the Court, inconsistent with the Federal Rules, will not be considered.

(Order dated November 27, 2012 [Doc. No. 155].)

Circuit determined in <u>Green v. United States</u>, 323 F.3d 1100, 1104–05 (8th Cir. 2003) that 18 U.S.C. § 3006A does not extend to a <u>pro se</u> defendant. Accordingly, for the same reasons discussed in the Court's January 25, 2013 Order, Defendant's request for reimbursement for investigative or expert services under § 3006A(e) is denied.[2]

### III. Request for an Extension to File Additional Pre-Trial Motions

Defendant objects [Doc. No. 209] to the Magistrate Judge's December 14, 2012 Order [Doc. No. 191] denying his request for an extension to file additional pretrial motions. The Court issued an Order on January 10, 2013 [Doc. No. 218] denying Defendant's previous request for an extension to file additional pretrial motions. For the same reasons discussed in this Court's January 10, 2013 Order, Defendant's request for an extension to file additional pretrial motions is denied.

### IV. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Defendant's Objections [Doc. No. 161] to the Magistrate Judge's November 30, 2012 R &R [Doc. No. 157] and Order [Doc. No. 158] are **OVERRULED**;

2. The Magistrate Judge's November 30, 2012 R & R [Doc. No. 157] is **ADOPTED**;

3. The Magistrate Judge's November 30, 2012 Order [Doc. No. 158] is **AFFIRMED**;

---

[2] The Court notes that Defendant is free to retain his own expert or investigative witnesses for trial, but that those services will not be reimbursed by the Court under § 3006A(e).

4. Defendant's submissions seeking reconsideration of the Court's January 25, 2013 Order [Doc. Nos. 260, 262] are **DENIED**;

5. Defendant's Objections [Doc. No. 209] to the Magistrate Judge's December 14, 2012 Order [Doc. No. 191] are **DENIED**; and

6. The Magistrate Judge's December 14, 2012 Order [Doc. No. 191] is **AFFIRMED**.

Dated: March 11, 2013	s/Susan Richard Nelson
	SUSAN RICHARD NELSON
	United States District Judge