**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Mark Edward Wetsch,<br><br>Defendant. | Case No. 12-cr-0045 (SRN/JJG)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Deidre Y. Aanstad and Kevin S. Ueland, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America.

Mark Edward Wetsch, Sherburne County Jail, 13880 Business Center Drive NW, Elk River, Minnesota 55330, Pro Se.

Jordan S. Kushner, Law Office of Jordan S. Kushner, 431 South Seventh Street, Suite 2446, Minneapolis, Minnesota 55415, Standby Counsel for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Mark Edward Wetsch's "Motion in Opposition to the Schedule Regarding the Submission of Trial Documents" [Doc. No. 248], Defendant's Motion for Grand Jury Transcripts [Doc. No. 292], Defendant's "Motion Averring Perjury by Deidre Aanstad and Caroline Durham" [Doc. No. 293], Defendant's Motion for Reimbursement [Doc. No. 294], Defendant's Motion "Informing the Judiciary of Government's Failure to Serve Documents and Comply with Disclosing Discovery" [Doc. No. 299], Defendant's Motion Compelling the United States Marshal Service to Provide Dental Cleaning and Other Required Health Care Services [Doc. No.

300], and Defendant's Motion Compelling the Government to Disclose Additive Historical Bank Robbery Information [Doc. No. 302].[1]  For the reasons set forth below, with the exception of Defendant's motion to compel, these motions are denied. Defendant's motion to compel robbery statistics is granted in part and denied in part.

### I. Motion in Opposition to the Schedule Regarding the Submission of Trial Documents

Defendant opposes the Court's January 15, 2013 Order [Doc. No. 230] setting this matter for trial on April 22, 2013.  Defendant asks the Court to set the matter for trial on March 4, 2013.  The Court has wide discretion in managing its calendar.  United States v. Smith, 422, F.3d 715, 725 (8th Cir. 2005) (quoting Jones v. Clinton, 72 F.3d 1354, 1361 (8th Cir. 1996)).  Moreover, Defendant has been granted extensions of time to file objections to Magistrate Judge Graham's Reports and Recommendations regarding his motion to suppress evidence, motion to sever, and motion to dismiss the indictment.  Accordingly, Defendant's request to alter the trial date is denied.

### II. Motion for Grand Jury Transcripts

Defendant next asks the Court to require the Government to produce grand jury transcripts immediately.  Defendant cites to Rules 12(i) and 26.2 of the Federal Rules of Criminal Procedure as support for his motion.  Rule 12(i) does not exist.  Rule 26.2 requires the Government to produce "any statement that is in [its] possession [] that relates to the subject matter of the witness's testimony" after the witness testifies.  Fed. R. Crim. P. 26.2;

---

[1] Also pending is Defendant's Ex Parte "Motion Regarding Provocateurs" [Doc. No. 301].  Because this is a motion in limine seeking to prohibit other Sherburne County Jail inmates from testifying at trial, the Court will defer ruling until a time nearer to trial.

accord Jencks Act, 18 U.S.C. § 3500.  Defendant asserts that he will be required to seek a recess, as contemplated by Rule 26.2(d), to examine statements after each witness testifies.

The transcripts Defendant seeks are likely subject to disclosure pursuant to the Jencks Act and Rule 26.2, but only with regard to witnesses who testify and only after the witness testifies on direct examination.  Further, this Court and Magistrate Judge Graham have already denied Defendant's nearly identical requests.  (See Order of Aug. 28, 2012 at 3 [Doc. No. 64]; Order of Dec. 14, 2012 at 6 [Doc. No. 191]; Order of Jan. 7, 2013 at 2 [Doc. No. 216].) Additionally, grand jury transcripts are specifically excepted from disclosure by Rule 16(a)(3), except as provided for in other Rules.  Most importantly, however, the Government has already agreed to provide Jencks Act material three days prior to trial.  The motion is therefore denied.

### III.    "Motion Averring Perjury by Deidre Aanstad and Caroline Durham"

Defendant's "motion averring perjury" is denied.  As relief, Defendant asks the Court to include time previously excluded from speedy trial calculations.  The Court and Magistrate Judge Graham have already addressed Defendant's allegations of misconduct by Ms. Aanstad and Ms. Durham.  (Order of Nov. 16, 2013 at 7 [Doc. No. 130]; Order of Dec. 21, 2012 at 3-4 [Doc. No. 201].) This Court observed that the record does not support Defendant's claim that Ms. Aanstad or Ms. Durham had committed perjury.  (Order of Dec. 21, 2012 at 3 n.1.) The relief requested—recalculation of speedy trial time—is nearly identical to the relief requested in Defendant's previous motion regarding his allegations of misconduct and perjury.  Accordingly, as before, this motion is denied.

3

## IV. Motion for Reimbursement

Defendant asks the Court to reimburse him for expenses associated with his defense. Magistrate Judge Graham advised Defendant that he "should seek supplies from standby counsel." (Order of Oct. 3, 2012 at 1 [Doc. No. 95].) Furthermore, as the Magistrate Judge found, Defendant has not demonstrated a need for additional supplies. (Id. (citing Horvath v. Hall, No. 4:07CV00113 GTE/JTR, 2007 WL 899966, at *1 (D. Ark. Mar. 22, 2007)). Thus, this motion is denied.

## V. Motion "Informing the Judiciary of Government's Failure to Serve Documents and Comply with Disclosing Discovery"

Defendant also advises the Court that the Government has not served Defendant with certain submissions filed with the Court, other discovery pursuant to Rule 16, and historical bank robbery information in Minnesota during 2011 and 2012. The Court is not in a position to evaluate the sufficiency of the Government's actual service of documents or production of historical bank robbery information. Accordingly, the Government is ordered to comply with Magistrate Judge Graham's January 16, 2013 Order no later than March 22, 2013, to the extent it has not already done so. Further, the Government must re-serve its response to Defendant's motion concerning the monitoring of his jailhouse communications [Doc. No. 286] and the exhibits attached thereto. The Government must file an affidavit of service for its production of the bank robbery information and its response to Defendant's motion. As for other discovery pursuant to Rule 16, while the Government is reminded of its obligation to supplement any discovery, it need not produce more than one copy. Aside from the relief provided for herein, Defendant's motion is denied.

## VI. Motion Compelling the United States Marshals Service to Provide Dental Cleaning and Other Required Health Care Services

Defendant asks the Court to order the United States Marshal to provide routine teeth cleaning, a complete blood count, and a routine physical. This Court has advised Defendant that if he "wishes to raise arguments or challenges regarding his criminal case," he could file appropriate motions. (Order of Nov. 27, 2012 at 1 [Doc. No. 155].) The provision of health and dental services, while important, is irrelevant to the criminal matter currently before the Court. Defendant should follow regular healthcare and dental care procedures, just as all other pretrial detainees at Sherburne County Jail are required.[2] Therefore, this motion is denied.

## VII. Motion Compelling the Government to Disclose Additive Historical Bank Robbery Information

Defendant has moved to compel the Government's production of information regarding the number of bank robberies in the United States wherein the suspect was a Caucasian male wearing a black mask from January 3, 2012 to the present. Defendant argues the information is material to his defense because it will demonstrate that bank robberies by Caucasian males wearing black masks did not cease upon his incarceration on January 3, 2012. The Court finds that Defendant has established that the information sought may be material to the preparation of his defense.[3] The Government must, therefore,

---

[2] If there are necessary forms that are not readily available for pretrial detainees to complete prior to receiving medical or dental care, the Marshals Service should make those available to Defendant.

[3] As the Court has previously noted discoverability and admissibility are separate inquiries. (See Order of Feb. 21, 2013 at 4 n.2, [Doc. No. 280].)

produce information responsive to Defendant's request that is in its possession, custody, or control. The Government is not required to create or obtain the information from other sources. Furthermore, the Government is required to provide information for 2012 only. Thus, this motion is granted in part and denied in part as set forth herein.

VIII. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Defendant's Motion in Opposition to the Schedule Regarding the Submission of Trial Documents [Doc. No. 248] is **DENIED**;

2. Defendant's Motion for Grand Jury Transcripts [Doc. No. 292] is **DENIED**;

3. Defendant's "Motion Averring Perjury by Deidre Aanstad and Caroline Durham" [Doc. No. 293] is **DENIED**;

4. Defendant's Motion for Reimbursement [Doc. No. 294] is **DENIED**;

5. Defendant's Motion "Informing the Judiciary of Government's Failure to Serve Documents and Comply with Disclosing Discovery" [Doc. No. 299] is **DENIED**;

6. Defendant's Motion Compelling the United States Marshal Service to Provide Dental Cleaning and Other Required Health Care Services [Doc. No. 300] is **DENIED**; and

7. Defendant's Motion Compelling the Government to Disclose Additive Historical Bank Robbery Information [Doc. No. 302] is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

Dated: March 19, 2013        s/Susan Richard Nelson
                             SUSAN RICHARD NELSON
                             United States District Judge