# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Mark Edward Wetsch,<br><br>Defendant. | Case No. 12-cr-45 (SRN/JJG)<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SEVER THE INDICTMENT** |

Deidre Y. Aanstad and Kevin S. Ueland, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff United States of America.

Mark Edward Wetsch, Sherburne County Jail, 13880 Business Center Drive NW, Elk River, Minnesota 55330, Pro Se.

Jordan S. Kushner, Law Office of Jordan S. Kushner, 431 South 7th Street, Suite 2446, Minneapolis, Minnesota 55415, Standby Counsel for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Objections of Plaintiff United States of America [Doc. No. 312] and Defendant Mark Edward Wetsch [Doc. Nos. 283, 324] to the February 8, 2013, Report and Recommendation ("R & R") of Magistrate Judge Jeanne J. Graham. [Doc. No. 267.] The Magistrate Judge recommended granting Defendant's Motion to Sever the Indictment, resulting in the following trial groups: Count 1; Count 2 through Count 8; and Count 9 through Count 13. (Id.) For the reasons set forth below, the Court overrules the Objections of the Government and Defendant and adopts the Magistrate

1

Judge's R & R in its entirety.[1]

I. BACKGROUND

The factual and procedural background of this case is well documented in the Magistrate Judge's R & R [Doc. No. 267] and is incorporated herein by reference. Briefly stated, Defendant is under indictment for thirteen counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). (Indictment [Doc. No. 4].) The robberies Defendant is charged with perpetrating occurred on March 9, 2011; April 26, 2011 (two robberies); May 13, 2011; June 13, 2011; November 4, 2011; November 9, 2011; November 22, 2011;

---

[1] Defendant filed a Motion for Modification of the Scheduling Order on April 1, 2013. [Doc. No. 329.] In his Motion, Defendant argues that "until the matter of severance is determined by [the Court], . . . [he] will not be able to create and submit proper trial documents" to the Court by April 12, 2013—the deadline for Defendant's trial documents, including trial briefs, motions in limine, voir dire questions, and proposed jury instructions. [Doc. No. 229.] On April 9, 2013, the Court issued a text order stating that the parties' objections to the portion of the Magistrate Judge's R & R related to Defendant's Motion to Sever the Indictment were overruled and that it would issue its Order the next day. [Doc. No. 341.] The Court also issued an Order on April 9, 2013, stating:

> As the time for trial nears, the Court wishes to ensure that its Orders are being timely provided to Defendant. Accordingly, unofficial copies of Court Orders shall be provided to the United States Marshals Service ("USMS") to be transported to Defendant in Sherburne County Jail. The USMS shall endeavor to transport Orders to Defendant during its daily shuttle. Moreover, Jordan Kushner, Standby Counsel, is ordered to contact Defendant as soon as practicable following the posting of an Order on the Court's Case Management/Electronic Case Filing System. Mr. Kushner should advise Defendant that an Order has been filed, and the general content of such order. The Clerk of Court shall continue to process Orders by mailing official copies to Defendant.

[Doc. No. 346.] Accordingly, because the Court has issued its ruling on Defendant's Motion to Sever the Indictment, the Court denies Defendant's Motion for Modification of the Scheduling Order as moot.

December 20, 2011; December 22, 2011; December 27, 2011; December 29, 2011; and January 3, 2012. (Id. at 1–9.) Defendant was taken into state custody on January 3, 2012, and he has remained in either state or federal custody since that date.

Defendant filed a Motion to Sever the Indictment on December 10, 2012. [Doc. No. 167.] The Magistrate Judge held a hearing on Defendant's Motion on December 19, 2012. [Doc. No. 198.] On February 8, 2013, the Magistrate Judge issued an R & R recommending that the Court grant Defendant's Motion to Sever the Indictment. (R & R at 15–19 [Doc. No. 267].) Specifically, the Magistrate Judge recommended severing the Indictment into three trial groups: Count 1; Count 2 through Count 8; and Count 9 through Count 13. (Id.) Defendant filed timely Objections to the Magistrate Judge's R & R on February 25, 2013 and March 28, 2013. [Doc. Nos. 283, 324.] The Government also filed timely Objections to the Magistrate Judge's R & R on March 22, 2013. [Doc. No. 312.]

## II. DISCUSSION

### A. Standard of Review

A district court must make an independent, de novo evaluation of those portions of an R & R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b).[2]

---

[2] Defendant filed an Objection to the Magistrate Judge's De Novo Determination arguing that the Magistrate Judge erred by signaling that this Court should conduct a de novo review of her R & R on his Motion to Sever the Indictment. [Doc. No. 283.] The Court acknowledges what appears to be a split in authority in this District on the appropriate standard of review on a motion to sever an indictment. Compare United States v. Jorgensen, No. 04-cr-1690103, 2004 WL 1630789, at *2 (D. Minn. July 19,

B.     **Motion to Sever the Indictment**

"When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8. If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14." United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995), cert. denied, 517 U.S. 1149 (1996). Rule 8 and Rule 14 "are to be liberally construed in favor of joinder." United States v. Ruiz, 412 F.3d 871, 886 (8th Cir. 2005). The United States Supreme Court has noted that the joinder and severance rules "are designed to promote economy and efficiency and to avoid a multiplicity of trials, so long as these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." United States v. Frank, 354 F.3d 910, 920 (8th Cir. 2004) (quoting Zafiro v. United States, 506 U.S. 534, 540 (1993) (internal quotations omitted)).

1.     **Rule 8**

Defendant objects to the Magistrate Judge's conclusion that joinder was appropriate under Rule 8(a). (Def.'s Objections at 22–23 [Doc. No. 324].) Under Rule 8(a), multiple counts can be charged in a single indictment as long as the offenses are: (1) of the same or

---

2004) (stating that the court reviews a magistrate judge's decision on a motion to sever the indictment for clear error) with United States v. Midkiff, No. 06-cr-407, 2007 WL 2434270 (D. Minn. Aug. 22, 2007) (reviewing a Magistrate Judge's report and recommendation on a defendant's motion to sever counts in the indictment de novo). Because the Magistrate Judge issued her ruling in the form of a report and recommendation, the Court will review the R & R under a de novo standard of review pursuant to Local Rule 72.2(b). The Court notes, however, that under either a de novo or clear error standard of review it would adopt the findings of the Magistrate Judge on Defendant's Motion to Sever the Indictment. Therefore, the Court overrules Defendant's Objection.

4

similar character; (2) based on the same act or transaction; or (3) constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a); United States v. Kirk, 528 F.3d 1102, 1107 (8th Cir. 2008); see also United States v. Young, 701 F.3d 1235, 1238–39 (8th Cir. 2012) (permitting joinder because "[t]he evidence suggested that the same person had committed the four Minnesota bank robberies since the robber in each had a similar appearance and demeanor"); United States v. Lindsey, 782 F.2d 116, 117 (8th Cir. 1986) (concluding that seventeen months between two felon in possession of a firearm offenses did "not violate the 'relatively short period of time'" requirement) (citation omitted). Among the factors the courts examine is the extent to which the evidence related to the different counts overlaps. United States v. Tyndall, 263 F.3d 848, 849 (8th Cir. 2001). Rule 8 is broadly construed in favor of joinder "to promote the efficient administration of justice." Kirk, 528 F.3d at 1107 (citation omitted).

The Magistrate Judge recommended that joinder under Rule 8(a) was appropriate because "the crimes and the modus operandi in each of the thirteen counts are similar." (R & R dated February 8, 2013 at 17 [Doc. No. 267].) The Magistrate Judge noted that "[i]n each robbery charged in the Indictment, the suspect wore dark clothing, a black mask, and gloves." (Id.) The Magistrate Judge further recognized that "[t]he use of a small, revolver-style gun, either real or 'toy,' is also common to each of the thirteen counts." (Id.) Accordingly, the Magistrate Judge concluded that joinder was appropriate because "[t]he offenses are of the same type, occurred over a relatively short period of time, and share some evidence, at least with regard to the clothing, use of a similar handgun, and, for several counts, the vehicle observed at the scene." (Id.)

5

Defendant argues that the Magistrate Judge erred in finding that the counts in the Indictment are properly joined under Rule 8(a). (Def.'s Objections at 22 [Doc. No. 324].) He argues that in each bank robbery the suspect "employed different clothing, different facial coverings, different hats, and different pants and shoes." (Id.) Defendant also argues that there was no evidence recovered from his home or vehicle connecting him "to any of the additive 12-counts of bank robbery" and that "these 12-counts span the course of 11-months [a relatively long period of time] with most being so far removed [geographically] from count 1 of the indictment." (Id. at 22–23.)

The Government responds that the counts in the Indictment are properly joined under Rule 8(a). (Gov't Objections at 10 [Doc. No. 312].) The Government contends that "[i]n each robbery charged in the indictment, the defendant is alleged to have worn dark clothing, a black mask, and gloves, and to have employed a small revolver-style gun." (Id.) Furthermore, the Government intends to "introduce evidence that the commands employed by the robber were similar in each of the charged robberies." (Id.) Therefore, according to the Government, the Magistrate Judge "correctly concluded that the offenses were of the same or similar character, and that joinder was appropriate." (Id.)

The Court agrees with the Government that the Magistrate Judge correctly found that the counts are properly joined in the Indictment. Here, all the counts are for the same crime: armed bank robbery. See United States v. Garrett, 648 F.3d 618, 625 (8th Cir. 2011) (finding joinder under Rule 8(a) appropriate because the counts in the Indictment were for the same crime). Additionally, the offenses, occurring approximately eleven months apart, took place over a relatively short period of time. See id. (concluding that crimes that

6

occurred fifteen months apart took place "over a relatively short period of time"); United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984) (holding that twenty months between offenses constitutes a short period of time); United States v. Hastings, 577 F.2d 38, 40 (8th Cir. 1978) (permitting joinder when two years separated the offenses). Finally, each robbery alleged in the Indictment are of the same or similar character as the defendant is alleged to have worn dark clothing and used a similar revolver-style gun. Accordingly, the Court overrules Defendant's Objection to the Magistrate Judge's R & R and finds that the allegations in the Indictment are properly joined under Rule 8(a).

### 2. Rule 14

The Government objects to the Magistrate Judge's recommendation that the Court sever the Indictment under Rule 14. (Gov't Objections at 1–19 [Doc. No. 312].) Rule 14 provides that a district court may order separate trials on individual counts in an indictment if it appears that a defendant or the government would be prejudiced by joinder of the offenses. Fed. R. Crim. P. 14(a). The district court must balance the interests of judicial economy against the risk of prejudice when deciding whether to grant a motion to sever. Zafiro, 506 U.S. at 541; accord United States v. Felici, 54 F.3d 504, 506 (8th Cir. 1995). "[T]here is a strong presumption against severing properly joined counts." United States v. McCarther, 596 F.3d 438, 442 (8th Cir. 2010). The defendant bears the burden of establishing prejudice. United States v. Humphreys, 982 F.2d 254, 259 (8th Cir. 1992).

Whether to sever a trial is a question left to the district court's discretion and the Eighth Circuit "will not reverse unless the defendant shows an abuse of discretion resulting in severe prejudice." United States v. Steele, 550 F.3d 693, 702 (8th Cir. 2008) (citation

7

omitted). Severe prejudice "occurs when a defendant is deprived of an appreciable chance for an acquittal, a chance that [the defendant] would have had in a severed trial." United States v. Taken Alive, 513 F.3d 899, 902 (8th Cir. 2008) (quoting United States v. Koskela, 86 F.3d 122, 126 (8th Cir. 1996) (alteration in original)). Prejudice is also severe where the jury is incapable of compartmentalizing the evidence. Koskela, 86 F.3d at 126. In determining the jury's ability to compartmentalize the evidence, courts consider the complexity of the case. United States v. Pherigo, 327 F.3d 690, 693 (8th Cir. 2003). In other words, "[p]rejudice may result from a possibility that the jury might use evidence of one crime to infer guilt on the other or that the jury might cumulate the evidence to find guilt on all crimes when it would not have found guilt if the crimes were considered separately." United States v. Davis, 103 F.3d 660, 676 (8th Cir. 1996). Courts have found that "as the number of counts is increased, the record becomes more complex and it is more difficult for a juror to keep the various charges against the . . . defendant[] and the testimony . . . separate in his mind." United States v. Branker, 395 F.2d 881, 887–88 (2d Cir. 1968) (cited with approval by Peterson v. United States, 405 F.2d 102, 105 n.4 (8th Cir. 1968)).

The Magistrate Judge recommended that the Indictment should be severed under Rule 14 into three groups of trials: Count 1; Count 2 through Count 8; and Count 9 through Count 13. (R & R at 17 [Doc. No. 267].) The Magistrate Judge noted that Defendant has openly admitted to having committed the robbery alleged in Count 1 and that "the evidence against him, including his repeated admissions in court documents, could potentially spill over and contaminate the trial on the other twelve counts." (Id.) Furthermore, the Magistrate Judge noted that "presenting evidence on twelve armed robberies, on which the

8

jury must make distinct decisions, may be confusing." (Id. at 18.) Indeed, the Magistrate Judge stated that "the cumulative nature of the evidence could deprive Defendant of an 'appreciable chance of acquittal' on those counts where the evidence may be weaker." (Id.) (citation omitted). Additionally, the Magistrate Judge explained that because "there is a gap of nearly five months between Count 8 and Count 9" it would be prudent for the Court to conduct a trial "of the bank robberies occurring between November 4, 2011, and December 29, 2011 . . . separately from those occurring between March 9, 2011, and June 13, 2011." (Id.)

The Government argues that the Magistrate Judge erred in recommending that the Court sever the Indictment into three separate trials. (Objections at 11–19 [Doc. No. 312].) According to the Government three separate trials in this matter would be costly to all parties involved—specifically, the United States, the Court and Court staff, and the Marshals. (Id. at 11.) The Government notes that "[i]f there are multiple trials, there will be a heightened risk that each successive jury pool will have heard about the case, thus increasing the time and expense to select a fair and neutral jury." (Id.) The Government also contends that severing this case into multiple trials could cause "interruption to . . . witnesses work and home lives" as they may need to be called before the Court multiple times. (Id.) In response to the Magistrate Judge's concern that defendant's admissions as to Count 1 could spill over into a trial on the remaining twelve counts, the Government asserts that Defendant has not offered to plead guilty to Count 1, but rather "has sought to enter a plea to a charge of bank robbery—not armed bank robbery." (Id. at 12–13.) They also argue that "evidence pertaining to Count 1 would be admissible in a trial on the other twelve

9

counts because it is inextricably linked to the robberies charged in those counts." (Id.) Finally, the Government argues that the gap between Count 8 and Count 9 that the Magistrate Judge used to separate the counts into two groups has evidentiary value. (Id. at 18.) Indeed, the Government alleges that Defendant voluntarily surrendered on June 4, 2011 for a violation of his supervised release and remained in custody until October 12, 2011 and that "[t]he robberies stopped while the defendant was in custody and resumed upon his release." (Id.)

Defendant responds that the Magistrate Judge correctly recommended severing the Indictment into three separate trials. (Def.'s Opp'n to Gov't Objection at 5 [Doc. No. 347].) Because Defendant "admitted to and plans to plead guilty to count 1," he argues that "evidence from some counts will 'spillover' to other counts to include [Defendant]'s responsibility and involvement in count 1 of the indictment." (Id. at 5–6). As a result, Defendant contends that "a trial with joined offenses will deny [him] an 'appreciable chance of acquittal,' where he would otherwise have if the offenses were to be severed." (Id. at 6). Defendant also argues that a trial on the remaining twelve counts would be confusing to the jury resulting in compelling prejudice to his ability to receive a fair trial. (Id. at 17.)

The Court agrees with Defendant that the Magistrate Judge correctly found that the Court should sever the Indictment to provide for three groups of trials on Count 1, Counts 2 through 8, and Counts 9 through 13. Because Defendant has openly admitted to committing the robbery alleged in Count 1 of the Indictment, the Court finds that prejudice may result if the jury, unable to compartmentalize the evidence, considers Defendant's statements about Count 1 in determining his guilt on the other counts. See Davis, 103 F.3d at 676.

Additionally, the Court agrees with the Magistrate Judge that presenting evidence on the remaining twelve counts of armed robbery might be confusing to the jury and the cumulative nature of that evidence could deprive Defendant of an "appreciable chance of acquittal" on those counts where the evidence may not be as strong. The Magistrate Judge thus properly concluded that Counts 2 through 8 and Counts 9 through 13 of the Indictment should be severed into separate trials. Accordingly, the Court overrules the Government's Objections to the Magistrate Judge's R & R and will schedule three groups of trials on Count 1, Counts 2 through 8, and Counts 9 through 13.

### III. ORDER

Based on the foregoing and all of the files, records, and proceedings herein, the Court **OVERRULES** Defendant's Objections [Doc. No. 283, 324] and the Government's Objections [Doc. No. 312] and **ADOPTS** the portion of the Magistrate Judge's February 8, 2013 Report and Recommendation [Doc. No. 267] recommending that the Court grant Defendant's Motion to Sever the Indictment. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Sever the Indictment [Doc. No. 167] is **GRANTED**. Trial will occur in the following groups: Count 1; Count 2 through Count 8; and Count 9 through Count 13;

2. Defendant's Motion for a Modification of the Scheduling Order [Doc. No. 329] is **DENIED AS MOOT**; and

3. Trial on Count 1 remains set to begin on April 22, 2013. The Court will discuss the remaining trial dates at the conclusion of the trial on Count 1.

Dated: April 10, 2013            s/Susan Richard Nelson
                                 SUSAN RICHARD NELSON
                                 United States District Judge