| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Mark Edward Wetsch,<br><br>　　　　　Defendant. | Case No. 12-cr-0045 (SRN/JJG)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Deidre Y. Aanstad and Kevin S. Ueland, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America.

Mark Edward Wetsch, Sherburne County Jail, 13880 Business Center Drive NW, Elk River, Minnesota 55330, Pro Se.

Jordan S. Kushner, Law Office of Jordan S. Kushner, 431 South Seventh Street, Suite 2446, Minneapolis, Minnesota 55415, Standby Counsel for Defendant.

SUSAN RICHARD NELSON, United States District Judge

　　　　This matter is before the undersigned United States District Judge for consideration of various motions filed by Defendant. Defendant filed the following eight motions: "Second Motion Informing the Judiciary of Government's Failure to Serve Documents and Comply with Disclosing Discovery" [Doc. No. 303]; Motion Compelling the Government to Disclose "Governmental Iniquities" [Doc. No. 319]; "Defendant's Second Motion Requesting Correction of Exhibit List" [Doc. No. 320]; Motion to be Provided with a Notebook Computer in Order to Create Charts and Summaries [Doc. No. 321]; Motion Compelling Disclosure of April 16, 2012 Resolution [Doc. No. 322]; Motion in Opposition

1

to the Government's Dilatory Request Requesting a Word Enlargement [Doc. No. 323];

Motion Compelling the Government to Disclose Additive Discovery [Doc. No. 333]; and

Motion Compelling the Government to Disclose Additive Discovery [Doc. No. 334].[1] As

discussed further below, with the exception of the motions to compel the disclosure of

discovery, each motion is denied; the motions to compel the disclosure of discovery are

granted.

## I. "Second Motion Informing the Judiciary of Government's Failure to Serve Documents and Comply with Disclosing Discovery"

This motion is identical to Defendant's first motion informing the Court of the

Government's alleged failure to serve documents. (Compare [Doc. No. 299] with [Doc. No.

303].) The Court addressed Defendant's first motion by requiring the Government to cure

its allegedly deficient service and file an affidavit advising the Court of its compliance. On

March 20, 2013, the Government filed the Affidavit of Nichol Berg, in which Berg averred

that she re-served the documents about which Defendant complained. (Aff. of Nichol Berg,

Mar. 20, 2013 [Doc. No. 307].) Accordingly, Defendant's motion is denied as moot.

## II. Motion Compelling the Government to Disclose "Governmental Iniquities"

Here, Defendant asks the Court to compel the United States Attorney's Office

("USAO") to produce information related to: misconduct by Assistant United States

---

[1] Defendant also filed a "Pro Se Ex Parte Motion Addendum Regarding Provocateurs" [Doc. No. 304]. This motion is identical to Defendant's "Pro Se Motion Regarding Provocateurs" filed on March 11, 2013 [Doc. No. 301]. The Court has already decided to reserve that motion until a time nearer to trial. (Mem. Op. & Order of Mar. 19, 2013 at 2 n.1 [Doc. No. 306].)

2

Attorneys "under the tutelage of [United States Attorney B. Todd] Jones"; instances in which Mr. Jones or "any of his underlings have compromised the judicial system as affirmed by the United States District of MN, District or Magistrate Judges"; substantiated claims of FBI agents submitting false, perjured, or incomplete reports to the USAO since Mr. Jones has been the United States Attorney; and cases in which the Federal Defender has been replaced due to claims of ineffective representation. (Mot. Compel Gov't Disclose Gov't Iniquities at 5-6 [Doc. No. 319] (emphases in original).)

Defendant includes multiple pages of irrelevant information, including the fact that he is married to two women, he is a "known *sympathizer* of al-Shabaab," and a comparison of Minnesota's recent legalization of limited wolf hunting with al-Shabaab's defending itself from "*Ethiopian wolves*." (Id. at 4 (emphases in original).) Regardless, Defendant's request essentially seeks information that impeaches the character of Mr. Jones, the USAO generally, the Court, the Federal Defender's Office, and the FBI. Defendant relies on Rule 16(a)(1)(E)(i) of the Federal Rules of Criminal Procedure, arguing that the information is material to the preparation of his defense. The Court disagrees. Defendant has not demonstrated the information's materiality with regard to mounting a defense against the charges. Because the information Defendant seeks is not material, this motion is denied.

### III. "Defendant's Second Motion Requesting Correction of Exhibit List"

In this motion, Defendant seeks to correct a typographical error in an exhibit list that incorrectly designated a warrant as having been issued in Dakota County, Minnesota, instead of Hennepin County, Minnesota. The actual exhibit is clearly marked "Hennepin County," thus there is no possibility of confusion. This motion is denied.

### IV. Motion to be Provided with a Notebook Computer in Order to Create Charts and Summaries

Defendant asks the Court provide him with a notebook computer to assist in the creation of a visual presentation for use at trial. Defendant relies on the "Bounds right to access" and Rule 16 of the Federal Rules of Criminal Procedure. (Mot. Regarding Notebook Computer at 1-2 [Doc. No. 321].) Defendant currently has access to a computer at Sherburne County Jail. Defendant is free to create any type of visual he chooses on that computer. At the time for trial, standby counsel will assist in moving the presentations to a computer for presentation at trial. Accordingly, Defendant's motion to be provided with a notebook computer is denied.

### V. Motion to Compel Disclosure of April 16, 2012 Resolution

In April 2012, the Government and counsel for Defendant advised the Court that a resolution had been reached, withdrew their pending pretrial motions, and asked the Court to set a change of plea hearing. Defendant, through counsel, later indicated he did not wish to plead guilty and withdrew his request for a change of plea. Defendant now asks the Court to compel the USAO and Federal Defender to disclose a written copy of the resolution that gave rise to the parties' request to schedule a change of plea hearing. Defendant asserts disclosure is necessary because the "resolution" is material to the preparation of his defense and he intends to offer evidence of the resolution during his anticipated jury trial.

Defendant seeks the information in an effort to "establish Government iniquity and other forms of prosecutorial misconduct." (Mot. Compel Disclosure of April 16, 2012

Resolution at 3 [Doc. No. 322].) Prosecutorial misconduct is irrelevant to the preparation of his defense because such evidence is not admissible at trial. Defendant will not be allowed to introduce allegations of misconduct on the part of the Government, his former counsel, or the Court. Accordingly, Defendant has not shown how disclosure of the April 16, 2012 resolution is material. This motion is denied.

### VI. Motion in Opposition to Government's Dilatory Request Requesting a Word Enlargement

Next, Defendant objects to the Government's request for a word enlargement in its objection to Magistrate Judge Graham's recommendation that the Court sever the indictment. Defendant asks the Court to admonish the Government. Although Defendant recognizes the Government did not seek an extension of time to object, he takes issue with the Government's request coming the day before objections were due to be filed. Defendant closes his memorandum by stating he "does not oppose the Government from receiving [sic] a word enlargement. His opposition simply lies within the Government's intentional dilatory filing, and in denying Mr. Wetsch an opportunity to file if any his opposition." (Mot. Opp. Gov't Request at 4-5 [Doc. No. 323].) Notably, the Court ruled on Defendant's request for a word enlargement without the Government's input. The Government sought to exceed the word limit before the objection period closed. Accordingly, the Court will not admonish the Government because its request complied with the applicable rules.

### VII. Motion Compelling the Government to Disclose Additive Discovery

Defendant asks the Court to compel the Government to provide engineering maps that will assist Defendant in understanding cell-site information and geographical locations

5

of cell phone towers. Defendant asserts the information is material to the preparation of his defense because it will assist him in understanding the geography and layout of the cell phone towers. See Fed. R. Crim. P. 16(a)(1)(E)(i). Defendant has met his burden in showing that the material sought would be helpful to the preparation of his defense. The disclosure of raw data is appropriate. As for Defendant's request that information be produced that would "allow[ Defendant] to analyze the cell site data," (Mot. Compel Disclosure Additive Discovery at 2, [Doc. No. 333]), the Government need not manipulate or analyze the data for Defendant. Instead, the Government must produce any raw data it has in its possession, custody, or control no later than April 16, 2013. Defendant's motion is granted. That production is limited by Rules 16(a)(1)(G) and (a)(2) of the Rules of Criminal Procedure.

Rule 16(a)(1)(G) requires the Government to produce a written summary of any expert testimony it intends to use in its case-in-chief. Fed. R. Crim. P. 16(a)(1)(G). That rule requires production of a summary description of "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications," but only after a defendant has made such a request. Id. The Government is reminded of that obligation and must, at Defendant's request, comply. The Government is not, by this Order, however, required to produce any expert materials at this time.

Moreover, Rule 16(a)(2), specifically excepts from disclosure "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." To the extent Defendant's request requires the disclosure of any of the above-

listed types of documents, the Government may withhold that information. Specifically, the Government need not produce any maps it has created because such material would have been created in connection with its prosecution of the case. Subject to the limitations described herein, Defendant's motion is granted.

### VIII. Motion Compelling the Government to Disclose Additive Discovery

Finally, Defendant asks the Court to compel the Government's disclosure of the number of banks robbed in Minnesota "between June 14, 2013 and October 12, 2011."[2] Defendant intends to offer evidence of those robberies to rebut the Government's anticipated argument that during that period, while Defendant was incarcerated, bank robberies in Minnesota ceased. Defendant has carried his burden in demonstrating the materiality of the information he seeks. Defendant's motion is granted. Accordingly, to the extent the Government has in its possession, custody, or control, the number of robberies that occurred in Minnesota between June 14, 2011 and October 12, 2011, the Government is ordered to produce that information no later than April 16, 2013.

### IX. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. "Second Motion Informing the Judiciary of Government's Failure to Serve Documents and Comply with Disclosing Discovery" [Doc. No. 303] is **DENIED AS MOOT**;

---

[2] The Court presumes Defendant actually seeks the number of robberies that occurred after June 14, *2011*, not June 2013.

2. Motion Compelling the Government to Disclose "Governmental Iniquities" [Doc. No. 319] is **DENIED**;

3. "Defendant's Second Motion Requesting Correction of Exhibit List" [Doc. No. 320] is **DENIED**;

4. Motion to be Provided with a Notebook Computer in Order to Create Charts and Summaries [Doc. No. 321] is **DENIED**;

5. Motion Compelling Disclosure of April 16, 2012 Resolution [Doc. No. 322] is **DENIED**;

6. Motion in Opposition to the Government's Dilatory Request Requesting a Word Enlargement [Doc. No. 323] is **DENIED;** and

7. Motion Compelling the Government to Disclose Additive Discovery[Doc. No. 333] is **GRANTED**; and

8. Motion Compelling the Government to Disclose Additive Discovery [Doc. No. 334] is **GRANTED**.

Dated: April 11, 2013
s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge