# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Mark Edward Wetsch,<br><br>        Defendant. | Case No. 12-cr-0045 (SRN/JJG)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Deidre Y. Aanstad and Kevin S. Ueland, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America.

Mark Edward Wetsch, Sherburne County Jail, 13880 Business Center Drive NW, Elk River, Minnesota 55330, Pro Se.

Jordan S. Kushner, Law Office of Jordan S. Kushner, 431 South Seventh Street, Suite 2446, Minneapolis, Minnesota 55415, Standby Counsel for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter came before the undersigned United States District Judge on various motions by Defendant. The Court will address each motion in turn.

### I. Motion Requesting Temporary Release Concomitant to Plea Agreement [Doc. No. 367]

Defendant requests release from pretrial detention. By way of background, the Court held a brief hearing on April 18, 2013 at which Defendant intended to enter a guilty plea pursuant to a plea agreement reached with the United States Attorney's Office ("USAO"). Included in the plea agreement was the USAO's promise not to oppose Defendant's request

for a 5-7 day release from custody after the Court's presumed acceptance of Defendant's guilty plea but before his sentencing. The plea agreement made clear that approval of the pre-sentencing release was subject to the Court's discretion. At the beginning of the hearing, however, Defendant indicated his entering a guilty plea was *conditional* upon the Court's agreement to allow him to be released during the time period indicated above. The Court immediately advised Defendant that she does not engage in "conditional pleas." Moreover, the Court may not be involved whatsoever in plea negotiations. Fed. R. Crim. P. 11(c)(1). The Eighth Circuit has "strictly construed the rule to require an absolute prohibition upon district court participation in plea negotiations, either with counsel or in the presence of the defendant." United States v. Nesgoda, 559 F.3d 867, 869 (8th Cir. 2009) (citing United States v. Washington, 109 F.3d 459, 463 (8th Cir. 1997)).

Because the Court would not accept a guilty plea conditioned on her promise to release Defendant for 5-7 days pending sentencing, Defendant decided to proceed to trial. Accordingly, no guilty plea was entered. Because this motion presupposes a change of plea, it is denied as moot.

**II.     Motion to Conduct Voir Dire and Proposed Voir Dire [Doc. No. 368]**

Defendant moved to participate in voir dire and submitted proposed questions to be asked during voir dire. The Court advised the parties at the final pretrial hearing on April 18, 2013, that the Court would conduct voir dire. Moreover, the Court considered both the Government and Defendant's proposed voir dire and provided them with the voir dire she intended for the jury. However, the Defendant decided to enter a straight guilty plea to Count I of the Indictment on Monday, April 22, 2013, rendering this motion moot.

### III. Objection to Standing when Court Convenes and Recesses [Doc. No. 370]

Defendant also raised an objection to standing for the Court or jury when court convenes or recesses. As the Court stated on the record, whether to stand for the Court or the jury in this case is left to Defendant's good judgment. This motion was granted from the bench.

### IV. Motion *in Limine* To Exclude Prior Bad Acts in Trial of Count I [Doc. No. 371]

Finally, Defendant moves *in limine* to preclude the Government from introducing any prior bad acts pursuant to Rule 404(b) of the Federal Rules of Evidence. The Government had no objection to this motion because it did not intend to offer any Rule 404(b) evidence. In light of Defendant's plea to Count I, this motion is moot.

### V. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Defendant's Motion Requesting Temporary Release Concomitant to Plea Agreement [Doc. No. 367] is **DENIED AS MOOT**;

2. Defendant's Motion to Conduct Voir Dire and Proposed Voir Dire [Doc. No. 368] is **DENIED AS MOOT**;

3. Defendant's Objection to Standing when Court Convenes and Recesses [Doc. No. 370] is **GRANTED**; and

4. Defendant's Motion *in limine* to Exclude Prior Bad Acts [Doc. No. 371] is **DENIED AS MOOT**.

Dated: April 23, 2013	s/Susan Richard Nelson
	SUSAN RICHARD NELSON
	United States District Judge