# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>v.<br><br>Mark Edward Wetsch,<br><br>            Defendant. | Case No. 12-cr-0045 (SRN/JJG)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Deidre Y. Aanstad and Kevin S. Ueland, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America.

Mark Edward Wetsch, Sherburne County Jail, 13880 Business Center Drive NW, Elk River, Minnesota 55330, Pro Se.

Jordan S. Kushner, Law Office of Jordan S. Kushner, 431 South Seventh Street, Suite 2446, Minneapolis, Minnesota 55415, Standby Counsel for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter came before the undersigned United States District Judge on three motions by Defendant Mark Edward Wetsch. Defendant appeared for change-of-plea hearings on April 22, 2013, and May 6, 2013. At those hearings, Defendant plead guilty to a total of six counts of armed bank robbery in violation of 18 U.S.C. § 2113. He now stands convicted of those crimes. Defendant also admitted responsibility for a total of thirty-one bank robberies, some of which were contained in the Indictment and others which were not. The plea agreement in this matter, which has been entered into pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, calls for a sentence of 168 months. Defendant

is currently in federal custody and is awaiting sentencing.

>    **I.    Motion Requesting Temporary Release Concomitant to Federal Rule of Criminal Procedure 11(c)(1)(C) Plea Agreement**

Defendant filed this motion before the hearing on May 22, 2013. The Court explained that any consideration of whether to accept the plea and stipulated sentence would be independent from the decision on Defendant's request for pre-sentence release. The Court proceeded in this fashion because courts may not be involved in plea negotiations whatsoever. United States v. Nesgoda, 559 F.3d 867, 869 (8th Cir. 2009) (acknowledging that the Eighth Circuit has "strictly construed the rule to require an absolute prohibition upon district court participation in plea negotiations, either with counsel or in the presence of the defendant"). Because the Court's agreement to a non-binding condition before accepting Defendant's plea could constitute participation in plea negotiations, the Court denied this motion before considering the plea agreement submitted by the parties. Thus, this motion remains denied.

>    **II.    Motion Requesting Standby Counsel's Disclosure of Documents**

In this motion, Defendant asks the Court to compel Jordan Kushner, standby counsel, to produce transcripts from each change-of-plea hearing, as well as the United States Department of Justice Bureau of Prisons Policy Statement Concerning Custody Classification (the "Policy Statement"). Defendant seeks the transcripts to "develop his court file" with regard to this case. He seeks the Policy Statement "in preparation for the completion of his position on sentencing." Standby counsel shall order transcripts of the hearings for Defendant's file. As for the Policy Statement, the request is denied.

Defendant concedes the information is "readily available on the internet."  Thus, this motion is granted in part and denied in part.

**III.     Motion Requesting Detention Hearing and Release Pending Sentencing**

Finally, Defendant requests a detention hearing and release pending sentencing.  In support of his request, Defendant cites 18 U.S.C. § 3142 and § 3143.  Defendant has had two detention hearings under § 3142, which governs pretrial detention, both of which resulted in orders for detention.  Defendant appealed one order for detention and it was affirmed by the Eighth Circuit Court of Appeals.  (See J. of the United States Ct. of Appeals, Jan. 18, 2013, [Doc. No. 246].)  Thus, Defendant's arguments that the Court erroneously detained him pending trial pursuant to § 3142 are moot.

Defendant also relies on § 3143(a)(1), which starts with the presumption that a convict be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person."  18 U.S.C. § 3143(a)(1).  The applicable subsection is § 3143(a)(2), however, because, while Defendant claims he has no history of violence, armed bank robbery itself is a "crime of violence."  See 18 U.S.C. § 3143(a)(2) (applying a presumption of detention for crimes of violence and incorporating by reference 18 U.S.C. § 3142(f)(1)(A)); see also United States v. Goodson, No. 3:90-cr-0099-W, 2008 WL 344506, at *2 (W.D.N.C. Feb. 7, 2008) (finding armed bank robbery to be a crime of violence); United States v. Daidone, 796 F. Supp. 715, 721 (E.D.N.Y. 1992) (finding conspiracy to commit armed bank robbery a crime of violence).  When a defendant has been convicted of a crime of violence, subsection (a)(2) prohibits a court from releasing him pending sentencing

3

unless there is a "substantial likelihood" that a motion for a new trial or acquittal will be granted or the Government recommends no sentence of imprisonment. 18 U.S.C. § 3143(a)(2)(i). There is no evidence to support a finding that granting a motion for a new trial or acquittal is substantially likely, and the Government has recommended a term of imprisonment. Accordingly, Defendant's motion for release pending sentencing is denied.

## IV. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Defendant's Motion Requesting Temporary Release Concomitant to Federal Rule of Criminal Procedure 11(c)(1)(C) Plea Agreement [Doc. No. 385] is **DENIED**;

2. Defendant's Motion Requesting Standby Counsel's Disclosure of Documents [Doc. No. 386] is **GRANTED IN PART and DENIED IN PART**; and

3. Defendant's Motion Requesting Detention Hearing and Release Pending Sentencing [Doc. No. 387] is **DENIED**.

Dated: May 31, 2013          s/Susan Richard Nelson
                             SUSAN RICHARD NELSON
                             United States District Judge

4